IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT, SOUTHERN DIVISION

---

**ANDREA ISAAC**
**500 Smokey Hollow Drive**
**Waxhaw, NC 28173**

    **Plaintiff,**
vs.

**MGM RESORTS INTERNATIONAL**
**3600 Las Vegas Blvd South**
**Bellagio Hotel & Casino**
**Las Vegas, NV 89109**

    Serve on:

    **John M. McManus, Esq.**
    **3600 Las Vegas Blvd South**
    **Las Vegas, NV 89109**

    **Defendant.**

Civil Action No. _____

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff Andrea Isaac, by and through undersigned counsel, hereby files this Complaint as follows.

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over the matter complained of herein pursuant to 28 U.S.C. § 1332.

2. The Court has personal jurisdiction over the Defendant because the incident which is the subject of this Complaint occurred in the District of Maryland. The parties are diverse and the amount in controversy exceeds $75,000. Venue is therefore proper within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

1. Plaintiff **Andrea Isaac**, is a citizen of North Carolina who resides at 500 Smokey Hollow Drive, Waxhaw, NC 28173.

2. Defendant **MGM Resorts International** is a for profit Delaware corporation that conducts business as one of the world's largest global hospitality companies and operates the MGM National Harbor Hotel & Casino in the State of Maryland with its headquarters located in Las Vegas, Nevada.

## SUMMARY OF THE CASE

3. This case involves Defendant's negligent failure to keep its premises safe and hazard free and its failure to warn Plaintiff of the unsafe, and hazardous conditions which caused Plaintiff to fall and suffer severe injuries to her left knee requiring surgery.

## FACTUAL BACKGROUND

4. On or about the evening of March 27, 2022, Plaintiff visited Defendant's place of business, MGM National Harbor Hotel & Casino, as a guest patron to enjoy the Defendant's hospitality and entertainment goods and services.

5. Ms. Isaac was walking through the casino observing all of the lights and sounds that the Defendant MGM uses to attract its guest's attention in an effort to solicit patronage and purchases of Defendant's products and services.

6. At some point, she slipped and fell and felt extreme pain to her left knee.

7. The floor was slippery from a wet substance.

8. Ms. Isaac observed the slippery substance on the Defendant's floor.

9. Ms. Isaac observed many patrons enjoying beverages that were freely served by Defendant to its guests.

10. Upon information and belief, Defendant serves its patrons and guest beverages freely to encourage and solicit the guests to patronize and purchase the Defendant's services.

11. Upon information and belief, Defendant encourages an environment of fun, excitement and alcoholic consumption to solicit business from its guests and patrons.

12. Upon information and belief, Defendant knew or should have known that the environment which it fostered in order to maximize its revenue and profits would create a hazardous environment and condition in which Plaintiff would slip and fall and suffer severe injuries.

13. Upon information and belief, although the Defendant knew that its business plan to evoke the use of alcoholic consumption and a lively entertainment environment would create a hazardous condition for walking patrons like Ms. Isaac, Defendant installed and maintained floors which would create a dangerously slippery hazard when wet.

14. Upon information and belief, Defendant's floors become slippery when wet and are made of a hard surface that is known to cause severe injury to the human body upon impact from a fall.

15. Defendant knew or should have known that its floors were dangerous when wet and made up of a hard surface to cause serious injury upon impact from a fall.

16. However, Defendant failed to warn Ms. Isaac of the dangerous condition, failed to prevent the dangerous condition and failed to maintain its premises in a manner that would avoid the dangerous conditions that caused Ms. Isaac to fall and suffer severe injuries to her knee.

17. As a casino, Defendant has video cameras installed throughout the casino and where Ms. Isaac was walking, and slipped and fell.

18. Upon information and belief, Defendant has destroyed the video footage that captured the fall from an angle that captures the incident clearly and up close without obstruction of view.

19. Upon information and belief, Defendant has destroyed this footage because the Defendant has viewed the footage and knows that the footage shows the incident and would provide evidence of Defendant's negligence.

20. Upon information and belief, the Defendant has preserved video footage of the incident from a video camera that is blocked by many patrons and from a camera that is physically located hundreds of feet away from the scene of the incident and is further away from other operable video cameras that captured more revealing footage of the incident.

21. Upon information and belief, Defendant reviewed all available video footage of the incident and selected footage that obscures the circumstances surrounding Ms. Isaac's incident to support its anticipated defense that Defendant is not liable for Ms. Isaac's injuries.

22. Defendant had notice of the dangerous environment which it fostered and which caused Ms. Isaac to give her attention to the Defendant's various bright and loud attractions while she walked through the casino.

23. Defendant had notice of the alcoholic beverages that it served to its patrons and the lively entertainment environment that it fostered to encourage and solicit its patrons to spend money and have a fun time at its casino in order to boost revenue and profits.

24. Defendant had notice of the slippery nature of its floors when wet.

25. Defendant had notice of the slippery substance that Plaintiff slipped and fell on.

26. Yet, Defendant failed to warn, maintain its premises and prevent the hazardous conditions which caused Plaintiff to slip and fall and fracture her knee cap requiring open

surgery to reduce and fixate her knee cap (patella) with a metal plate and sutures.

27. As a result of Defendant's negligent conduct, Plaintiff slipped and fell and suffered serious injury to her knee which required open surgery and resulted in permanent injuries and scars that Ms. Isaac will have for the rest of her life.

28. Plaintiff has suffered injuries, bodily pain and has been required to pay for medical expenses and other costs as a result of Defendant's negligence.

## COUNT I
## NEGLIGENCE

29. Plaintiff incorporates by reference all allegations in paragraphs 1-28 of the Complaint as if fully stated herein.

30. At all times relevant herein, Defendants knew or should have known that the lively casino environment that it fostered through the wide dissemination of alcoholic beverages, bright lights, loud sounds and music and attractions would create a hazardous condition for invited guests onto its property.

31. Defendants had a duty to keep the premises safe and clear from dangerous conditions for all invited guests on March 27, 2022 in compliance with reasonable standards of care.

32. At all times relevant, Mrs. Isaac was an invited guest at Defendant's property on March 27, 2022.

33. Defendant breached its duty of care to Ms. Isaac by failing to properly warn its invited guests of the dangerous condition of the distracting lights and sounds and the slippery floor by either marking it with a clear warning sign or announcing an appropriate verbal warning.

34. As a direct and proximate result of the acts and omissions of Defendant, Ms. Isaac has suffered and continues to suffer bodily injury, medical and economic and non-economic damages.

**WHEREFORE**, Plaintiff Andrea Isaac demands judgment against Defendants, jointly and severally, as follows:

A. Compensatory damages to Plaintiff in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00); and

B. Incidental and consequential damages to Plaintiff Andrea Isaac in an amount to be proven at trial;

C. Costs and post-judgment interest; and

D. Such other relief as this court deems necessary and appropriate

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

BOND LAW, PLLC

By: _____
Johnnie D. Bond, Jr. (Bar # 03229)
3221 M St NW
Washington, DC 20007
Phone: 202-683-6803
Fax: 202-478-2252
jbond@bondpllc.com

*Attorneys for Plaintiff*

## **VERIFICATION OF COMPLAINT**

I, ANDREA ISAAC, HEREBY VERIFY UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING ALLEGATIONS AND INFORMATION AS PROVIDED HEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND MEMORY.

_____
Andrea Isaac